4L 163
13L 158

MARY J. RICKETTS, Admx., etc., *v.* THE HEIRS AND
CREDITORS OF S. S. RICKETTS, Dec'd.

1. LIMITATION. *Administrators. Request for delay.* Request for delay to sue by an administrator of a creditor on demand must be for a *definite* time at his special request. It must be for a time so definite or capable of being rendered so by proof that the Court or jury can count out the time of delay requested.

2. SAME. *Same. Same.* The better practice is to endorse the request on the evidence of the debt, with the time agreed upon, so that the time may readily be counted out of the period of limitation.

3. SAME. *Same.* An acknowledgement of the correctness of the debt, and a promise by the administrator to pay as soon as he could get the money, or as soon as assets came into his hands, is not a *special* request, nor for a *definite* time, and will not prevent the bar of the statute of limitations.

---

FROM WAYNE.

---

Appeal from Chancery Court at Waynesboro.
G. H. NIXON, Ch.

G. T. HUGHES, for Complainants.

PITTS & COX, for Defendants.

FREEMAN, J., delivered the opinion of the Court.

This is an insolvent bill filed by the administratrix. The facts necessary to be stated here are, that Mrs. Ricketts was appointed administratrix, Au-

gust, 1865.   She appointed John M. Benham her general agent to act for her in the settlement of all the business.    She, in fact, was but the repre-sentative nominally and legally, her said agent doing all the business for her and representing her.

The administration proceeded for some years under the impression that the estate was solvent. Debts were paid and real property sold for this purpose.   Owing to failure in collecting certain assets of the estate, which had been deemed good, it ultimately turned out that it was deemed neces-sary to suggest the insolvency of the estate, which was done to the Clerk of the County Court of Wayne county, September 24th, 1870, and publica-tion made for all creditors to file their claims on or before the 1st of May, 1871, or, in the language of the order, " the same would be forever barred."

The administration proceeded in the County Court until the 20th day of May, 1872, when this bill was filed, transferring the administration to the Chancery Court.   In this bill several debts are ad-mitted to be due.   The Ricketts claim, now in contest, is stated to be a decree rendered against her, as administratrix, March, 1872, for $2,063.63, and the parties claiming under said decree, with others whose claims are not involved in this record, are made defendants by name to the said bill, and process prayed against them.   The usual order for creditors to file their claims was made, the time fixed being the first Monday in January, 1873.   An injunc-tion was prayed for by this bill restraining all parties

Ricketts *v.* Ricketts.

from bringing suits or further proceeding to enforce their claims, except under the order of the Court in this case- The respective parties appellant in this case, to-wit, Weeks, Hughes, Ricketts and Bell, filed their claims, having been made parties to the proceeding by petitions. An order of reference was had to the Clerk and Master to report on the amount of assets and liabilities of the estate, their debts being reported as valid claims for allowance. Thereupon exceptions were filed, both by the creditors, the heirs to some of the claims, and complainant, the administratrix.

The exception of the administratrix will be first noticed.

The exception to the claim of Hughes & Bro. is based on lapse of time, stating the facts, as to death, grant of letters of administration in 1865, suggestion of insolvency in 1870, filing the insolvent bill in 1872, averring that the claimant did not file the claim in the time required by law. The exception then specifies failure to bring suit in two years and six months from appointment of the administratrix, nor was the same filed within that time, and also that it was barred by the statute of six years.

The Hughes claim is as surviving partner of Hughes & Bro., and is a note given by the intestate, January 18th, 1862, due one day after date, for $300.00, payable to Wanington, and by him endorsed to them. This note is said, in Hughes' petition, to have been filed in the County Court,

with the Clerk, during the pendency of the administration there, and his receipt taken for the same.

The claim must stand here entirely on the proceedings and proof in the Chancery Court, as we see no evidence of what, if anything, had been done in the administration in the County Court, nor whether the claim had been allowed or not, and besides, it could not have been filed there in time, the insolvency having been suggested September, 1870.

It is clear from the facts, that this claim is barred by the statute of two years and six months —Code, sec. 2279—in favor of personal representatives, unless saved by a new promise or request for delay, as provided for by sec. 2280. Under the first section, the party must make demand and bring suit within the two years and six months, or be forever barred. But by the second section referred to, (2280) if " on making demand the creditor " delay to bring suit for a *definite time,* at the special request of the executor or administrator, the time of such delay shall not be counted in said period of limitations. The case is attempted to be made out under this section as against the administratrix.

The case made by the proof, taking the statement of the claimant, (there being no exception in the record to his competency) is about this: That when he bought the note, he called on Benham,

Ricketts *v.* Ricketts.

the agent, who told him he had no money on hand, but just as soon as he could make collections he would pay. At another time, he spoke of suing on the claim, when Benham told him there was no use, as soon as he got the money he would pay it off.

Benham, the agent, does not make the case quite so strong. Says he told Hughes, as he did every other creditor, that he would pay as soon as he could get the money to pay with. And, we take it, this is about the truth of the case, the estate being deemed amply solvent by the creditors.

Some of our cases have certainly gone far towards an unjustifiable extension of this statute in preventing the bar of the statute. For instance, in the case of *McKizzock & Co.* v *Smith*, 1 Sneed, the case was reversed because the Circuit Judge charged that " a request for delay until the representative can collect money is not a special request or a sufficiently definite time," the Court holding the contrary. It might be difficult, it seems to us, to see how, on such a promise, the party could recover, in such a case, unless he could show the fact that money sufficient to pay had been collected. This is all the promise means, by any fair construction of the language.

But, passing by this, such a request for delay does not meet the requirement of the statute, that the " delay to bring suit shall be for a definite time, at the special request of the administrator." Definite means certain, fixed. At **what** time an

administrator can collect money to pay a debt out of the assets of an estate is certainly as indefinitely and unfixed a period as can well be conceived. Practically, no one can tell when this can be done, nor as a matter of law, under our system, is it any more certain

In the case of *Chesnutt, admr.,* v. *McBride,* 2 Heis., 392, the cases on the subject are reviewed by Judge Nelson, and the intimation very clearly made, that some of our cases had gone beyond what the statute would permit in allowing debts to be saved from the operation of the statute as on a request for delay. It was held in that case that where demand was made in December, 1868, and delay *requested* at said date, was not sufficient to stop the statute; and also where the demand was made, and the administrator replied, "hold on, your claims are good," will not save the bar of the statute

The principle of the statute is fairly expressed by Judge Reese in the case of *Trott* v. *West,* 9 Yer., 435, that the suit, after demand is made, must be delayed by the request of the administrator, not vague, not indefinite, not to be implied or inferred merely, but special, and that special request shall stipulate for a definite time of indulgence, during which the statute shall not bar the claim.

We add to this rule, that a request for delay for a time capable of being rendered certain, might fairly be included under the language of the statute, as until the happening of some certain event,

as until a certain tract of land was paid for, or
a settlement was had with another claimant on the
estate: *Puckett* v. *James*, 2 Hum., 366. But in
such case the time thus requested should be ascer-
tained in the proof in the record, so as to be
counted out of the period of limitation as required.
This must be adhered to as the only fair meaning
of the statute, or else it is equivalent to rendering
its provisions nugatory. They are plain that the
request for delay, on making demand, shall be for
delay in suing for a *definite* time, at the special
request of the representative, and then, that "*the*
time of such delay (so requested) shall not be
counted in said period of limitations." It must,
then, be a time so definite, or capable of being
rendered so, and this done by the proof, as that
the Court or a jury can count out the time of
delay requested.

The proof shows in this case no request for
any delay, but only a promise to pay when he
could make collections—just the same promise as
Benham proves that he made to every creditor,
that is, he would pay as soon as he could get the
money; in other words, that he would do his duty
in the premises, and pay out and appropriate the
assets as fast as received. This cannot be held
a request for delay, nor for a definite time, or one
capable of being rendered certain. Sure it is not
rendered so certain in this case that we can see
how much time of delay shall be counted out of
the period of limitations. How much time shall

be counted out under these facts? Shall it be six months, twelve, or until the debt is in fact paid? We are totally unable to see. The sounder policy, by far, is to adhere to the plain meaning of the statute, and require a definite time agreed on for delay by the one party at the request of the other. The practice will soon be, under the advice. of counsel, to endorse the request on the evidence of the debt, with the time agreed on, or a written memorandum will be made of such time, and then we will have definite evidence of what was agreed on by the parties, and the time thus agreed on can readily be "counted out of the period of limitation," as the statute provides, thus making a rule and practice, certain, satisfactory, and beyond question, and at the same time easy and convenient to be pursued.

This claim cannot be allowed.

The same principle excludes the claim of Annie G. and Jane Bell. This is attempted to be supported by two endorsements made on the account by Benham, the agent of the administratrix.

The first is: "The above account is hereby recognized as true and unpaid." This was February 20th, 1860.

The other is: "The following account has been duly presented, which I acknowledge to be correct as stated, and which is due and unpaid, and I agree to pay the said amount as soon as assets come into my hands.' No suit has ever been brought on this account.

There is no request for delay for any period in either of these entries; only a promise to pay as soon as assets came into his hands. This, as in the other case, is nothing more than a promise to do his duty, and pay when he got the assets in his hands. If this is to be held a request for delay for a definite time, and to bind the estate, it would be impossible for a representative to fail to bind the estate, unless he should say, on demand made, that he would not pay even when the means came to his hand. It cannot be that this statute can thus be construed fairly.

The case of Weeks goes under the same principle. We cannot see any definite time of delay, though the attorney proves it was for a definite time, but he has forgotten the length of time agreed on. Nor is the promise to pay out of certain claims in the hands of one Grimes any more certain. The promise to pay money to be collected from one Minor was to pay at a certain time, but what that time is we are unable to see, so that the time could be counted out.

We must hold this claim unsustained and barred by the statute of limitations.

Another small claim seems to have been appealed from, but we see nothing in it, and think the Chancellor correctly ruled on it.

The claim of W. L., T. R. and S. B. Ricketts was disallowed by the Chancellor. It is a decree, made by the Chancery Court against the adminis-

tratrix, on bill filed against her, and rendered March term, 1872. Its correctness is admitted in the bill.

We need but say that the decree is final as to the personal representative, and beyond question binds the personalty in her hands.

This claim should have been allowed. There being no exception to this claim on the part of any representative of the realty, we need not consider the effect ot a judgment or decree against the personal representative as against the realty descended to the heirs.

These are all the questions, we believe, fairly raised on this record, or that demand our attention.

A decree will be drawn in accord with this opinion, the costs to be paid out of the funds realized.